**KAUFMAN DOLOWICH LLP**
Mark K. Worthge (SBN 118435)
21515 Hawthorne Boulevard, Suite 450
Torrance, California 90503
Telephone: (310) 540-2000
Email: mark.worthge@kaufmandolowich.com

Attorneys for Defendant
Consumers Cooperative Credit Union

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMILLAH R. CAMPBELL<br><br>Plaintiff,<br><br>vs.<br><br>EQUIFAX INFORMATION SERVICES, LLC., a business entity form unknown; EXPERIAN INFORMATION SOLUTIONS, INC., a business entity form unknown; CONSUMERS COOPERATIVE CREDIT UNION, a business entity form unknown; and DOES 1 to 15, inclusive,<br><br>Defendants. | Case No.  2:25-CV-05455-GW-AJR<br><br>**ANSWER TO FIRST AMENDED COMPLAINT** |

Defendant CONSUMERS CREDIT UNION, formerly known as CONSUMERS COOPERATIVE CREDIT UNION ("Credit Union"), for itself and for no other Defendant, submits this Answer to the First Amended Complaint for Damages ("Complaint") of Plaintiff JAMILLAH R. CAMPBELL ("Plaintiff") in this action as follows:

## ANSWER TO FIRST AMENDED COMPLAINT

## INTRODUCTION

1. Answering paragraph 1, the Credit Union denies that its acts violated the Fair Credit Reporting Act, the California Consumer Credit Reporting Agencies Act,

**ANSWER TO FIRST AMENDED COMPLAINT**

that its acts were unlawful in any manner, and that its acts caused harm to Plaintiff. As to the remainder of the allegations, the Credit Union has no knowledge or information on the subject sufficient to enable them to answer this allegation of the complaint, and on this basis denies this allegation.

PARTIES

2.    Answering paragraph 2, the Credit Union has no knowledge or information on the subject sufficient to enable them to answer this allegation of the complaint, and on this basis denies this allegation.

3.    Answering paragraph 3, the Credit Union has no knowledge or information on the subject sufficient to enable them to answer this allegation of the complaint, and on this basis denies this allegation.

4.    Answering paragraph 4, the Credit Union has no knowledge or information on the subject sufficient to enable them to answer this allegation of the complaint, and on this basis denies this allegation.

5.    Answering paragraph 5, the Credit Union denies that it has corporate offices within this judicial district.  The Credit Union admits that it is a "furnisher" as defined by the Fair Credit Reporting Act. As to the other allegations in this paragraph, these state a legal conclusion which is not subject to an admission or denial.

5A.    Answering paragraph 5A, the Credit Union admits that Velera Solutions, LLC is a company that provides financial services to credit unions and that Velera handled some of dispute processing and reinvestigation on Plaintiff's account for the Credit Union. As to the other allegations in this paragraph, the Credit Union has no knowledge or information on the subject sufficient to enable them to answer this allegation of the complaint, and on this basis denies this allegation.

JURISDICTION AND VENUE

6.    Answering paragraph 6, the Credit Union admits that jurisdiction in this Court is proper.

7.    Answering paragraph 7, the Credit Union admits that venue is proper in

2

**ANSWER TO FIRST AMENDED COMPLAINT**

this District.

STATEMENT OF FACTS

8.   Answering paragraph 8, the Credit Union incorporates its responses to all preceding paragraphs by reference.

9.   Answering paragraph 9, the Credit Union admits that it is a "furnisher" as defined by the Fair Credit Reporting Act. As to the other allegations in this paragraph, Credit Union has no knowledge or information on the subject sufficient to enable them to answer this allegation of the complaint, and on this basis denies this allegation.

10.   Answering paragraph 10, the allegations are inconstant with the terms of the referenced Order, which is the best evidence of its contents.

11.   Answering paragraph 11, the Credit Union has no knowledge or information on the subject sufficient to enable them to answer this allegation of the complaint, and on this basis denies this allegation.

12.   Answering paragraph 12, the Credit Union has no knowledge or information on the subject sufficient to enable them to answer this allegation of the complaint, and on this basis denies this allegation.

13.   Answering paragraph 13, the Credit Union has no knowledge or information on the subject sufficient to enable them to answer this allegation of the complaint, and on this basis denies this allegation.

14.   Answering paragraph 14, the Credit Union admits this allegation.

15.   Answering paragraph 15, the Credit Union admits this allegation.

16.   Answering paragraph 16, the Credit Union has no knowledge or information on the subject sufficient to enable them to answer this allegation of the complaint, and on this basis denies this allegation.

17.   Answering paragraph 17, the Credit Union has no knowledge or information on the subject sufficient to enable them to answer this allegation of the complaint, and on this basis denies this allegation.

18.   Answering paragraph 18, the Credit Union has no knowledge or

3

**ANSWER TO FIRST AMENDED COMPLAINT**

information on the subject sufficient to enable them to answer this allegation of the complaint, and on this basis denies this allegation.

19. Answering paragraph 19, the Credit Union admits this allegation.

20. Answering paragraph 20, the Credit Union has no knowledge or information on the subject sufficient to enable them to answer this allegation of the complaint, and on this basis denies this allegation.

21. Answering paragraph 21, the Credit Union has no knowledge or information on the subject sufficient to enable them to answer this allegation of the complaint, and on this basis denies this allegation.

22. Answering paragraph 22, the Credit Union has no knowledge or information on the subject sufficient to enable them to answer this allegation of the complaint, and on this basis denies this allegation.

23. Answering paragraph 23, the Credit Union has no knowledge or information on the subject sufficient to enable them to answer this allegation of the complaint, and on this basis denies this allegation.

24. Answering paragraph 24, the Credit Union has no knowledge or information on the subject sufficient to enable them to answer this allegation of the complaint, and on this basis denies this allegation.

25. Answering paragraph 25, the Credit Union has no knowledge or information on the subject sufficient to enable them to answer this allegation of the complaint, and on this basis denies this allegation.

26. Answering paragraph 26, the Credit Union has no knowledge or information on the subject sufficient to enable them to answer this allegation of the complaint, and on this basis denies this allegation.

27. Answering paragraph 27, the Credit Union denies that its acts violated the Fair Credit Reporting Act, the California Consumer Credit Reporting Agencies Act, that its acts were unlawful in any manner, and that its acts caused harm to Plaintiff. As to the remainder of the allegations, the Credit Union has no knowledge or information

**ANSWER TO FIRST AMENDED COMPLAINT**

on the subject sufficient to enable them to answer this allegation of the complaint, and on this basis denies this allegation.

27A. Answering paragraph 27A, the Credit Union admits that Velera Solutions, LLC handled some of dispute processing and reinvestigation on Plaintiff's account for the Credit Union. As to the other allegations in this paragraph, the Credit Union has no knowledge or information on the subject sufficient to enable them to answer this allegation of the complaint, and on this basis denies this allegation.

## **FIRST CAUSE OF ACTION**

Violation of the Fair Credit Reporting Act by All Defendants

28. Answering paragraph 28, the Credit Union incorporates its responses to all preceding paragraphs by reference.

29. Answering paragraph 29, the Credit Union denies that its acts violated the Fair Credit Reporting Act, that its acts were unlawful in any manner, and that its acts caused harm to Plaintiff. As to the remainder of the allegations, the Credit Union has no knowledge or information on the subject sufficient to enable them to answer this allegation of the complaint, and on this basis denies this allegation.

30. Answering paragraph 30, the Credit Union denies the allegations directed to the Credit Union, denies that its acts violated the Fair Credit Reporting Act, denies that its acts were unlawful in any manner, and denies that its acts caused harm to Plaintiff. As to the remainder of the allegations, the Credit Union has no knowledge or information on the subject sufficient to enable them to answer this allegation of the complaint, and on this basis denies this allegation.

31. Answering paragraph 31, the Credit Union denies the allegations directed to the Credit Union, denies that its acts violated the Fair Credit Reporting Act, denies that its acts were unlawful in any manner, and denies that its acts caused harm to Plaintiff. As to the remainder of the allegations, the Credit Union has no knowledge or information the subject sufficient to enable them to answer this allegation of the complaint, and on this basis denies this allegation.

**ANSWER TO FIRST AMENDED COMPLAINT**

31A. Answering paragraph 31A, the Credit Union denies the allegations directed to the Credit Union, denies that its acts violated the Fair Credit Reporting Act, denies that its acts were unlawful in any manner, and denies that its acts caused harm to Plaintiff. As to the remainder of the allegations, the Credit Union has no knowledge or information the subject sufficient to enable them to answer this allegation of the complaint, and on this basis denies this allegation.

32. Answering paragraph 32, the Credit Union has no information or belief on the subject sufficient to enable them to answer this allegation of the knowledge or information complaint, and on this basis denies this allegation.

33. Answering paragraph 33, the Credit Union denies the allegations directed to the Credit Union, denies that its acts violated the Fair Credit Reporting Act, denies that its acts were unlawful in any manner, and denies that its acts caused harm to Plaintiff. As to the remainder of the allegations, the Credit Union has no knowledge or information on the subject sufficient to enable them to answer this allegation of the complaint, and on this basis denies this allegation.

34. Answering paragraph 34, the Credit Union denies the allegations directed to the Credit Union, denies that its acts violated the Fair Credit Reporting Act, denies that its acts were unlawful in any manner, and denies that its acts caused harm to Plaintiff. As to the remainder of the allegations, the Credit Union has no knowledge or information on the subject sufficient to enable them to answer this allegation of the complaint, and on this basis denies this allegation.

35. Answering paragraph 35, the Credit Union denies the allegations directed to the Credit Union, denies that its acts violated the Fair Credit Reporting Act, denies that its acts were unlawful in any manner, and denies that its acts caused harm to Plaintiff. As to the remainder of the allegations, the Credit Union has no knowledge or information on the subject sufficient to enable them to answer this allegation of the complaint, and on this basis denies this allegation.

**ANSWER TO FIRST AMENDED COMPLAINT**

36.    Answering paragraph 36, the Credit Union denies the allegations directed to the Credit Union, denies that its acts violated the Fair Credit Reporting Act, denies that its acts were unlawful in any manner, and denies that its acts caused harm to Plaintiff. As to the remainder of the allegations, the Credit Union has no knowledge or information on the subject sufficient to enable them to answer this allegation of the complaint, and on this basis denies this allegation.

## SECOND CAUSE OF ACTION

VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT AGAINST CCCU, VELERA, AND DOES 2-15, INCLUSIVE

37.    Answering paragraph 37, the Credit Union incorporates its responses to all preceding paragraphs by reference.

38.    Answering paragraph 38, the Credit Union denies that its acts violated the California Consumer Credit Reporting Agencies Act, that its acts were unlawful in any manner, and that its acts caused harm to Plaintiff. As to the remainder of the allegations, the Credit Union has no knowledge or information on the subject sufficient to enable them to answer this allegation of the complaint, and on this basis denies this allegation.

39.    Answering paragraph 39, the Credit Union denies that its acts violated the California Consumer Credit Reporting Agencies Act, that its acts were unlawful in any manner, and that its acts caused harm to Plaintiff. As to the remainder of the allegations, the Credit Union has no knowledge or information on the subject sufficient to enable them to answer this allegation of the complaint, and on this basis denies this allegation.

## PLAINTIFF'S PRAYER FOR RELIEF

To the extent that Plaintiff's prayer for relief includes any allegations of wrongdoing or seeks relief involving the Credit Union, it denies that its acts violated the Fair Credit Reporting Act, the California Consumer Credit Reporting Agencies Act, that its acts were unlawful in any manner, and that its acts caused harm to Plaintiff. The

ANSWER TO FIRST AMENDED COMPLAINT

Credit Union denies that Plaintiff is entitled to any relief against the Credit Union.

## AFFIRMATIVE DEFENSES

Defendant alleges the following affirmative defenses to Plaintiff's Complaint and each claim stated therein. Defendant sets forth the following matters to apprise Plaintiff of certain potentially applicable defenses. Each affirmative defense is alleged separately and in the alternative. By alleging these affirmative defenses, Defendant does not admit any allegations expressly or impliedly contained in Plaintiff's Complaint or assume the burden of proof as to any matter where Plaintiff bears the burden of proof under applicable law.

## AFFIRMATIVE DEFENSE

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1. Plaintiff's claims against the Credit Union are barred in whole or in part because Plaintiff fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Breach of Contract)

2. Plaintiff's claim for relief against the Credit Union is barred by her breach of contract.

## THIRD AFFIRMATIVE DEFENSE

### (Unclean Hands)

3. Plaintiff's claim for relief against the Credit Union is barred, in whole or in part, by the doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

### (Doctrine of Laches)

4. Plaintiff's claim for relief against the Credit Union is barred, in whole or in part, by the doctrine of laches.

**ANSWER TO FIRST AMENDED COMPLAINT**

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Join Necessary and Indispensable Parties)

5.    Plaintiff has failed to join necessary and indispensable parties.

## SIXTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

6.    Plaintiff's claims against the Credit Union are barred by any and all applicable statutory provisions regarding the limitation of time to file civil actions.

## SEVENTH AFFIRMATIVE DEFENSE

### (Compliance with Applicable Law)

7.    Plaintiff's claims are barred, in whole or in part, to the extent that the Credit Union has complied with all applicable statutes and regulations.

## EIGHTH AFFIRMATIVE DEFENSE

### (Reasonable Efforts at Compliance)

8.    Plaintiff's claims are barred, in whole or in part, to the extent that the Credit Union has maintained and adhered to policies and procedures reasonably designed to ensure compliance with all applicable statutes and regulations.

## NINTH AFFIRMATIVE DEFENSE

### (Prevention of Performance)

9.    Without admitting the existence or violation of any obligation under law or otherwise, Plaintiff and/or other persons or entities, by their own acts, errors, omissions, or decisions, prevented the Credit Union from performing any of the alleged obligations to Plaintiff.

## TENTH AFFIRMATIVE DEFENSE

### (Waiver)

10.    Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

ANSWER TO FIRST AMENDED COMPLAINT

## ELEVENTH AFFIRMATIVE DEFENSE

### (Lack of Actual Causation)

11. Without admitting that the Credit Union committed any acts, errors, or omissions, the Credit Union's alleged acts, errors or omissions were not the actual cause of Plaintiff's damages, if any.

## TWELFTH AFFIRMATIVE DEFENSE

### (Lack of Proximate Causation)

12. Without admitting that the Credit Union committed any acts, errors, or omissions, the Credit Union's alleged acts, errors or omissions were not the proximate cause of Plaintiff's damages, if any.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Intervening, Superseding Acts)

13. The Credit Union is not liable for the harm alleged by Plaintiff because such harm, if any, resulted from the acts of others constituting independent, intervening and/or superseding causes, thus relieving the Credit Union of any liability.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

14. Plaintiff's own acts, errors, or omissions caused or contributed to Plaintiff's damages, if any, and any award in favor of Plaintiff should be reduced by that proportion of fault.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (No Actual Damages)

15. The Credit Union alleges that, upon information and belief, Plaintiff has not sustained or incurred any actual damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

16. The Credit Union alleges that Plaintiff is barred from recovering all or part of her damages, if any, by reason of Plaintiff's failure to mitigate her damages.

ANSWER TO FIRST AMENDED COMPLAINT

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Remote/Speculative/Uncertain Damages)

17.     Plaintiff is barred from recovery against the Credit Union to the extent that Plaintiff's alleged damages are too remote, speculative, or uncertain; or impossible to prove and/or allocate.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Reservation to Assert Additional Defenses)

18.     The Credit Union is informed and believes, and thereon alleges, that it presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, yet unasserted, affirmative defenses. The Credit Union therefore reserves the right to assert additional affirmative defenses in the event discovery and/or investigation indicates it would be appropriate to do so.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Consumers Credit Union prays for relief as follows:

1.     That the Court dismiss the First Amended Complaint against Consumers Credit Union with prejudice;

2.     That Plaintiff take nothing against Consumers Credit Union by reason of this First Amended Complaint and that judgment be entered in favor of Consumers Credit Union and against Plaintiff;

3.     That Consumers Credit Union awarded its costs against Plaintiff incurred in defending this action;

4.     That the Court grant Consumers Credit Union such other and further relief against Plaintiff as the Court may deem just and proper.

Date: June 2, 2026                     KAUFMAN DOLOWICH LLP


By:_____
Mark K. Worthge
Attorney for Defendant
Consumers Credit Union