Robert F. Brennan, Esq. {S.B. #132449}
**LAW OFFICES OF ROBERT F. BRENNAN, A P.C.**
6708 Foothill Blvd, Suite 101
Tujunga, CA 91042
Tel: (818) 249.5291
Fax (818).249.4329
Email: rbrennan@brennanlaw.com

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMILLAH R. CAMPBELL, an Individual<br><br>Plaintiff,<br><br>vs.<br><br>EQUIFAX INFORMATION SERVICES, LLC., a business entity, form unknown; EXPERIAN INFORMATION SOLUTIONS, INC., a business entity, form unknown; CONSUMERS COOPERATIVE CREDIT UNION., is a business entity unknown; and DOES 2-15,  Inclusive,<br><br>Defendants. | Case No.: 2:25-cv-05455-HDV-AJR<br><br>**FIRST AMENDED COMPLAINT**<br><br>**FOR DAMAGES**<br><br>1. VIOLATION OF THE FAIR CREDIT REPORTING ACT.<br>2. VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT.<br><br>**DEMAND OF JURY TRIAL** |

1

FIRST AMENDED COMPLAINT

## INTRODUCTION

1.      Plaintiff, JAMILLAH R. CAMPBELL ("Plaintiff") brings this complaint against Defendant, EQUIFAX INFORMATION SERVICES, LLC., and Defendant CONSUMERS COOPERATIVE CREDIT UNION., for violations of the Fair Credit Reporting Act (15 U.S.C. § 1681 et seq.) arising out of defendant's willful and/or negligent failure to properly handle and update Plaintiff's credit information, which has resulted in substantial harm to Plaintiff.

## PARTIES

2.      Plaintiff, JAMILLAH CAMPBELL, ("Plaintiff") is a resident of Los Angeles County, California.

3.      Defendant, EQUIFAX INFORMATION SERVICES, LLC. ("EQUIFAX"), is a business entity, form unknown, doing business in the State of California as a credit bureau which receives negative credit information about consumers, and which then publishes such information in credit reports available to its subscribers. As defined by the Fair Credit Reporting Act. EQUIFAX has corporate offices within this judicial district.

4.      Defendant, EXPERIAN INFORMATION SOLUTIONS, INC. ("EXPERIAN"), is a consumer reporting agency as defined by the Fair Credit Reporting Act. EXPERIAN has corporate offices within this judicial district.

5.      Defendant CONSUMERS COOPERATIVE CREDIT UNION. ("CCCU"), is a company which among other activities, reports allegedly delinquent debts to credit bureaus and is a "furnisher" under the Fair Credit Reporting Act.

5A. Defendant VELERA SOLUTIONS LLC ("VELERA") is, upon information and belief, a company that provides financial services to credit unions. VELERA was formerly identified as "Doe 1" in this action.  Plaintiff alleges that VELERA handled some or all of the dispute processing and reinvestigation for

2

FIRST AMENDED COMPLAINT

CCCU.  Plaintiff was unaware of the role of VELERA in this matter until April 22, 2026, when CCCU answered discovery and identified VELERA as the party that handled some or all of the dispute processing and FCRA reinvestigations on behalf of CCCU.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p (Fair Credit Reporting Act) and 28 U.S.C. § 1331 (federal question jurisdiction).

7.      Venue is proper in this district under 28 U.S.C. § 1391(b) because Defendant conducts business in this district, and the acts and omissions complained of occurred within this district.

## STATEMENT OF FACTS

8.      Plaintiff re-alleges and incorporates all preceding paragraphs as though set forth in full in this cause of action.

9.      Plaintiff is a consumer as this term is defined by 15 U.S.C. Sec. 1681a(c) of the Fair Credit Reporting Act.  All defendants are "furnishers" as defined by 15 U.S.C. 1681s-2 of the Fair Credit Reporting Act, except, EQUIFAX defendant who is a "consumer reporting agency" as that term is defined in 15 U.S.C. Section 1681a (f).

10.     On or about September 20, 2022, the United States Bankruptcy Court, Eastern District of Virginia, granted Plaintiff a discharge under 11 U.S.C.  § 727.

11.     On or about December of 2022, Plaintiff obtained her credit report to verify that the discharges were being reported correctly, which they were at that time.

12.     On or about February of 2023, Plaintiff moved from Virginia to California.

3

FIRST AMENDED COMPLAINT

13.    On or about September of 2024, Plaintiff obtained her credit reports and noticed a change in EQUIFAX'S and EXPERIAN'S reporting of an account with CCCU ("DISPUTED ACCOUNT"). EQUIFAX and EXPERIAN had previously been reporting the DISPUTED ACCOUNT as closed with a balance of zero dollars but was now reporting it as open with a balance of $8,043.

14.    Plaintiff called CCCU to discuss the discharged DISPUTED ACCOUNT; CCCU advised Plaintiff that it would investigate this matter.

15.    On or about October 3, 2024, a CCCU employee emailed Plaintiff her bankruptcy documents.

16.    On or about October 10, 2024, Plaintiff filed a dispute with EQUIFAX via its app concerning EQUIFAX'S reporting of the DISPUTED ACCOUNT.

17.    On or about October 23, 2024, Plaintiff disputed this matter with the Consumer Financial Protection Bureau and received a response from EQUIFAX on December 3, 2024. *EQUIFAX advised Plaintiff that it had reached out to CCCU and CCCU verified that EQUIFAX was reporting the DISPUTED ACCOUNT accurately.*

18.    On or about December of 2024, Plaintiff reached out to her previous counsel in Virginia, advising her of this inaccurate reporting.

19.    Plaintiff's previous counsel requested via email that CCCU furnish only accurate information about the DISPUTED ACCOUNT to EQUIFAX.

20.    On or about January 27, 2025, Plaintiff filed a second complaint via the Consumer Financial Protection Bureau. EQUIFAX responded on February 26, 2025, and advised Plaintiff *EQUIFAX  had reached out to CCCU and CCCU verified that EQUIFAX was reporting the DISPUTED ACCOUNT accurately for the second time.*

///

4

FIRST AMENDED COMPLAINT

21.    On or about January 30, 2025, Plaintiff disputed this matter with the Consumer Financial Protection Bureau for the second time and received a response from EQUIFAX on January 31, 2025.

22.    On or about January 30, 2025, Plaintiff filed a second dispute on EQUIFAX 's app.

23.    On or about March 2, 2025, Plaintiff disputed this matter with the Consumer Financial Protection Bureau for the third time and received a response from EQUIFAX  on March 3, 2025.

24.    On or about March 2, 2025, Plaintiff obtained a copy of her EQUIFAX and EXPERIAN credit report and found inaccurate information, including the reaging of discharged accounts.

25.    On or about April 8, 2025, Plaintiff sent a certified letter to EQUIFAX requesting correction of its inaccurate reporting, but EQUIFAX failed to comply.

26.    On or about May 8, 2025, Plaintiff sent a certified letter to EXPERIAN requesting correction of its inaccurate reporting, but EXPERIAN failed to comply.

27.    As a direct result of CCCU's inaccurate furnishing along with EQUIFAX and EXPERIAN's inaccurate reporting of the disputed account. Plaintiff has suffered extensive harm, including lost work opportunities, as well as significant mental anguish. Plaintiff has devoted extensive time and effort to resolving these issues over the past two years via phone and postal mail, all to no avail.

27A. Plaintiff alleges that VELERA, acting on behalf of CCCU for purposes of processing FCRA complaints and reinvestigating disputes of false credit reporting, contributed to plaintiff's damages and itself violated the FCRA and CCRAA.

///

5

FIRST AMENDED COMPLAINT

## FIRST CAUSE OF ACTION

## VIOLATION OF THE FAIR CREDIT REPORTING ACT

## (15 U.S.C. § 1681 ET SEQ.) AGAINST ALL DEFENDANTS

28.     Plaintiff re-alleges and incorporates all preceding paragraphs as though set forth in full in this cause of action.

29.     Defendants, EQUIFAX and EXPERIAN a consumer reporting agency, and CCCU, a furnisher, and DOES 2-15, Inclusive, had a duty under the Fair Credit Reporting Act to follow reasonable procedures to assure the maximum possible accuracy in the reporting of Plaintiff's credit report.  15 U.S.C. Section 1681e (b).  Further, when mistakes are brought to the attention of EQUIFAX, EQUIFAX has an obligation to investigate the dispute or disputes and correct any mistakes or errors in the consumer's credit report. 15 U.S.C. Section 1681i.

30.     By failing to properly maintain granted discharges under 11 U.S.C. § 727, EQUIFAX and EXPERIAN violated 15 U.S.C. § 1681e(b) and 15 U.S.C. Section 1681i.

31.     Defendants,  EQUIFAX and EXPERIAN, a consumer reporting agency, CCCU, a furnisher, and DOES 2-15, Inclusive, have willfully and negligently violated 15 U.S.C. § 1681e(b) and 15 U.S.C. Section 1681i by failing to follow reasonable procedures to ensure the accuracy of Plaintiff's credit report.

31A. Defendants CCCU and VELERA both violated 15 U.S.C. Section 1681s-2 (b) by failing to conduct a reasonable investigation of plaintiff's disputes after receiving notification of such disputes from one or more major credit bureaus, and by thereafter failing to modify, delete or suppress credit reporting which was false, inaccurate or which could not be verified.

32.     Defendants, EQUIFAX, EXPERIAN, and CCCU, and DOES 2-15, Inclusive, further failed to conduct reasonable reinvestigations of Plaintiff's

6

FIRST AMENDED COMPLAINT

disputes as required by 15 U.S.C. § 1681i and 1681s-2 (b), resulting in the continued inaccurate reporting and exposure of Plaintiff's private information.

33.    Defendants EQUIFAX, EXPERIAN, and CCCU, and DOES 2-15, Inclusive, willfully violated the provisions of the Fair Credit Reporting Act, by willfully and negligently failing, in the preparation of the consumer report concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in the report.  Defendants EQUIFAX, EXPERIAN, and CCCU and VELERA, and DOES 2-15, Inclusive, also willfully and negligently failed to perform a reasonable investigation after receiving plaintiff's dispute, and willfully and negligently failed to delete or the inaccurate information from plaintiff's credit report following his dispute.

34.    As a direct and proximate result of EQUIFAX, EXPERIAN, and CCCU, VELERA and DOES 1-15, Plaintiff has suffered actual damages, including loss of work, emotional distress, and ongoing mental anguish and Plaintiff is entitled to actual damages, pain and suffering, punitive damages, penalties, costs and attorney fees.

35.    Plaintiff is entitled to recover costs and attorney fees from defendants in an amount to be determined by the Court pursuant to 15 U.S.C. §1681(n) and §1681(o).

36.    Spokeo Concreteness Allegations: the sanctity and privacy of consumer credit reports is specifically protected by the Fair Credit Reporting Act, and violations of the cited sections have been identified by Congress and by the courts as concrete injuries.  Further, defendants' conduct has caused Plaintiff emotional distress, humiliation and embarrassment, and apprehension that their most private financial information is repeatedly being accessed.

///

///

7

FIRST AMENDED COMPLAINT

## <u>SECOND CAUSE OF ACTION</u>

**[VIOLATION OF CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT AGAINST CCCU, VELERA AND DOES 2-15, INCLUSIVE]**

37.     Plaintiff incorporates all preceding paragraphs as though alleged in full in this cause of action.

38.     Defendants CCCU, VELERA and DOES 2-15, Inclusive, have both negligently and willfully violated the California Consumer Credit Reporting Agencies Act by reporting and continuing to report credit information which these defendants knew, or should have known, was inaccurate or incomplete. Plaintiff further alleges that defendants CCCU, VELERA and Does 2-15, Inclusive, have failed to maintain reasonable procedures to detect and prevent false credit reporting, particularly with accounts that have been discharged in bankruptcy.

39.     Plaintiff alleges that the conduct by CCCU, VELERA and DOES 2-15, Inclusive, was willful, entitling Plaintiff to statutory punitive damages under the Consumer Credit Reporting Agencies Act.  Plaintiff has also suffered both general and special damages according to proof, and is entitled to attorney's fees and costs incurred in prosecuting this matter.

///

///

///

FIRST AMENDED COMPLAINT

## **PLAINTIFFS PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF demands judgment against Defendants as follows:

1.    For general and special damages according to proof at trial;

2.    For removal of the unauthorized inquiries from Plaintiff's credit report;

3.    For punitive damages;

4.    For an award of reasonable attorneys' fees;

5.    For costs of suit; and,

6.    For any further relief that the Court deems just and proper.

### **JURY TRIAL DEMANDED**

Dated: June 22, 2026                              By: /s/ Robert F. Brennan, Esq

Robert F. Brennan, Esq.

Attorney for Plaintiff

JAMILLAH R. CAMPBELL

9

FIRST AMENDED COMPLAINT